OPINION
Appellant Jesse Jay Frank appeals a judgment of the Morrow County Court convicting him of Disorderly Conduct (R.C.2917.11(A)(4)):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S CONDUCT OTHERWISE SERVED NO LAWFUL AND REASONABLE PURPOSE.
 II. THE TRIAL COURT ERRED IN FINDING THAT THE USE OF THE PLURAL "PERSONS" AND "OTHERS" IN OHIO REVISED CODE SECTION 2917.11(A)(4) REFER TO BOTH THE SINGULAR AND THE PLURAL, AND THAT NO OTHER PERSON NEED BE AFFECTED BY THE CONDUCT COMPLAINED OF.
Although appellant did not request a transcript in the instant case, and no transcript or statement of the evidence is before this court, the trial court did briefly set out the facts of the case in its Judgment Entry.
Appellant became upset when his ex-wife delivered his son for visitation dressed inappropriately to attend a wedding. Appellant pursued his ex-wife to a public grocery store parking lot, then intentionally pulled behind her vehicle, blocking her in so that she could not leave until he had expressed his frustration over the child wearing sneakers instead of dress shoes.
Appellant was charged with Disorderly Conduct. The case proceeded to bench trial in the Morrow County Court. Following trial, the court requested and received written memoranda from both parties. The court convicted appellant as charged, and fined him $50.
 I.
Appellant argues that the court erred in finding that appellant's conduct served no lawful and reasonable purpose. Although appellant contends that this is a question of law, it is apparent from his brief that he is arguing that the State failed to present sufficient evidence to demonstrate that his conduct served no lawful and reasonable purpose. In the absence of a transcript, we cannot resolve this issue, and we must presume regularity in the proceedings below, and affirm. Knapp vs.Edwards Laboratories (1980), 61 Ohio St.2d 197.
The first Assignment of Error is overruled.
 II.
Appellant argues that the use of the plural "persons" and "others" in R.C. 2917(A)(4) require that a person may be convicted of the offense of Disorderly Conduct only where there is more than one victim.
The statute provides in pertinent part:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 (4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of other, and by any act that serves no lawful and reasonable purpose of the offender.
R.C. 2917.11(A)(4).
It is apparent by the use of the phrase, "no person shall recklessly cause inconvenience, annoyance, or alarm to another," in the beginning of the statute, that one victim is sufficient. The use of the term "persons" in Subsection 4 of the statute encompasses both the singular and the plural. Further, as we do not have a transcript, we cannot conclude that appellant's ex-wife was the only person affected by appellant's conduct.
The second Assignment of Error is overruled.
The judgment of the Morrow County Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morrow County Court is affirmed. Costs to appellant.